IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROSSIE ERNEST LEE EDWARDS, III,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **TRUIST BANK,** | **NO.  25CV7280** |
| **Defendant.** | |

## MEMORANDUM OPINION

Plaintiff Rossie Ernest Lee Edwards III ("Edwards") filed this consumer class action in the Court of Common Pleas of Philadelphia County, alleging that Defendant Truist Bank ("Truist")—as the financier or assignee of consumer motor vehicle purchases—repossessed class members' vehicles upon default and thereafter provided untimely or otherwise deficient post-repossession notice in violation of Pennsylvania's Uniform Commercial Code ("UCC"), 13 Pa. C.S.A. § 9601 *et seq*.  Edwards seeks to recover statutory minimum damages.  13 Pa. C.S.A. § 9625(c)(2).  Truist removed the action to federal court pursuant to both 28 U.S.C. § 1441 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Before the Court is Edwards Motion to Remand which is premised on the grounds that his Complaint does not seek redress for any injury-in-fact that would confer Article III standing upon him.[1]  For the reasons set forth below, Plaintiff's Motion to Remand shall be granted.

## I.   FACTUAL BACKGROUND[2]

In March 2020, Plaintiff Edwards, an individual residing in Pennsylvania, financed the

---

[1] He does, however, assert that his standing in Pennsylvania state courts is "beyond question," on which assertion this Court takes no position.

[2] The facts set forth below are drawn from Edwards's Complaint and are accepted as true for purposes of this Motion.  *See Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

purchase of a 2019 Chevrolet Silverado 1500 truck for personal use pursuant to a Retail Installment Sale Contract ("RISC").  Although BB&T Credit Service financed the transaction and obtained a security interest in the vehicle, it subsequently assigned that interest to Defendant Truist, a North-Carolina-incorporated bank that regularly finances the purchase of motor vehicles for consumer use in Pennsylvania.  With this assignment, Truist became the secured party to whom Edwards owed monthly payments.

Around five years later, in the summer of 2025, Truist declared Edwards in default under the contract and repossessed Edwards's truck on July 6, 2025.  Three days later, Truist prepared a Notice of Repossession and Plan to Sell Property ("Notice") addressed to Edwards but waited to send the Notice until July 12, 2025—six days after the vehicle's repossession.   Although Edwards was entitled—under the Pennsylvania UCC, 13 Pa. C.S.A. § 9601, *et seq.* and the Pennsylvania Motor Vehicle Sales Finance Act ("MVSFA"), 12 Pa. C.S.A. § 6254[3]—to at least fifteen days' notice to redeem the vehicle (*i.e.*, until July 27, 2025), Truist's Notice instead stated that it intended to sell the vehicle "on or after July 25, 2025," providing only thirteen days from the date of mailing.  This, Edwards alleges, constituted an "inadequate, untimely, and commercially unreasonable period of time to act to redeem [his] motor vehicle."  Edwards accordingly initiated this class action, on behalf of himself and a putative class,[4] alleging that

---

[3] Courts within the Third Circuit have held that the MVSFA—which establishes notice requirements for motor vehicles that are repossessed other than by legal process to protect borrowers from predatory credit and collection practices—must be read *in pari materia* with Pennsylvania's UCC.  *See, e.g.*, *Nelson v. Bank of Am., Nat'l Ass'n*, 2023 U.S. Dist. LEXIS 132239, at *2-3 n.1, *15-16 (E.D. Pa. July 3, 2023).  Under the UCC, "[e]very aspect of a disposition of collateral, including the method, manner, time, place and other terms, must be commercially reasonable"—a requirement that encompasses post-repossession notice.  13 Pa. C.S.A. § 9610(b); 13 Pa. C.S.A. § 9611(b).  Where a secured party fails to follow the proper post-repossession procedures, the UCC permits consumer debtors to "recover . . . an amount not less than the credit service charge plus 10% of the principal amount of the obligation" without proof of injury.  13 Pa. C.S.A. § 9625(c)(2).  Consistent with this framework, the MVSFA requires secured parties to provide the borrower with "immediate[]" notice of the intent to resell the vehicle and of the borrower's right to redeem within fifteen days from the date the notice is mailed.  12 Pa. C.S.A. § 6254(a)–(c)(3).

[4] Edwards's Complaint defines the "Class" as "[a]ll persons: (a) who financed the purchase of a motor vehicle for

Truist provided inadequate post-repossession notices in violation of the Pennsylvania UCC.

## II.    LEGAL STANDARD

Article III of the United States Constitution limits federal jurisdiction to "Cases" and "Controversies."  *See Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 110 (3d Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016)).  A fundamental element of federal jurisdiction is standing, which requires that the allegations set forth in a plaintiff's complaint establish: (1) an injury-in-fact; (2) that is fairly traceable to the defendant's challenged conduct; and, (3) that is likely to be redressed by a favorable judicial decision.  *See Kelly v. RealPage Inc.*, 47 F.4th 202, 211 (3d Cir. 2022).  "[W]ell-pleaded factual allegations" within the complaint are presumed true, and a determination is then made as to whether such allegations—viewed in the light most favorable to the plaintiff—"plausibly" establish standing.  *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

Truist, as the party invoking federal jurisdiction bears the burden of demonstrating, "at all stages of the litigation, that the case is properly before the federal court."  *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).  Such jurisdiction must "appear[] affirmatively from the record," *see Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Liab. Litig.*, 903 F.3d 278, 288 (3d Cir. 2018), with "all doubts . . . resolved in favor of remand."  *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).  Accordingly, if at any point before final judgment it appears that federal subject matter jurisdiction is lacking, the case must

---

consumer use through Truist Bank via an installment sale contract, or who financed the purchase of a motor vehicle for consumer use via another entity but such installment sale contract was thereafter assigned to Truist; (b) from whom Truist, as secured party, repossessed the vehicle or ordered it repossessed; (c) who had a Pennsylvania address as of the date of repossession; (d) who were sent a post-repossession notice of rights: (1) which set forth a date after which the collateral may be sold that was less than 15 days from the date the notice was mailed to the debtor (not counting the day the notice was mailed); or, (2) where such notice was mailed more than one full business day after the date of repossession; (e) in the period commencing six years prior to the date of filing of the Complaint through the date of class certification."

be remanded.  *See* 28 U.S.C. § 1447(c).

### III.    DISCUSSION

#### A.  The Parties Meet CAFA's Jurisdictional Thresholds

Under CAFA, federal courts have jurisdiction over class actions where: (1) minimal diversity exists—meaning at least one plaintiff is a citizen of a different state than at least one defendant, 28 U.S.C. § 1332(d)(2); (2) the proposed class contains at least 100 members, 28 U.S.C. § 1332(d)(5)(B); and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2).  Finally, removal must comply with the thirty-day period set forth in 28 U.S.C. § 1446(b).  Here, neither party disputes that CAFA's jurisdictional prerequisites have been satisfied.[5]

#### B.  Edwards Lacks Article III Standing

However, even where CAFA jurisdiction exists, a plaintiff must still have Article III standing for an action to proceed in federal court.  *See Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009).  Standing requires: "(1) an injury-in-fact; (2) that is fairly traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable judicial decision."  *Kelly*, 47 F.4th at 211.  "[I]njury in fact is a hard floor of Article III jurisdiction[.]"  *Summers*, 555 U.S. at 497.  It requires a showing that a plaintiff "suffered an invasion of a legally protected interest that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Spokeo*, 578 U.S. at 339 (internal citation omitted).

Truist argues that Edwards's claim belongs in federal court because the "actual injury"

---

[5] Specifically, (1) minimal diversity exists because Truist is headquartered in—and therefore a citizen of—North Carolina while Edwards is a citizen of Pennsylvania; (2) the putative class satisfies the numerosity requirement of at least 100 members, as Truist represents—and Edwards does not dispute—that approximately 1,027 accounts fell within the scope of the proposed class between 2022 and December 2025; and, (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs, as calculated by Truist in its Notice of Removal and as conceded by Edwards in his Reply.  Removal was also timely under the thirty-day period set forth in 28 U.S.C. § 1446(b).

that he alleges is "an informational injury flowing from Truist's post-repossession notice."  As a preliminary matter, Edwards's Complaint does not seek damages for informational injury.  Indeed, his brief repeats that he "does not allege that he relied on or was harmed by the improper notice in any way," "disclaims having suffered harm," and "does not plead any facts establishing that he suffered any adverse effects from the improper notice."  Those statements reflect what Edwards seeks in the *ad damnum* clause of his Complaint: "statutory damages . . . as provided by the UCC, 13 Pa. C.S. § 9625(c)."  That alone puts paid to Truist's argument that Edwards has Article III standing because he is seeking damages for informational injury.  He is not.

A statutory violation, without more, does not satisfy the injury-in-fact requirement for Article III standing. *Kamal*, 918 F.3d at 113, 119.  Without an alleged injury-in-fact, Edwards lacks Article III standing.[6]  *See TransUnion*, 594 U.S. at 440 ("bare procedural violation[s], divorced from any concrete harm" do not confer Article III standing) (quoting *Spokeo*, 578 U.S. at 341-42).  This Court is therefore without subject matter jurisdiction, and remand is required. *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997) ("Upon a determination that a federal court lacks subject matter jurisdiction over a particular action, the plain language of 28 U.S.C. § 1447(c) mandates that the matter be remanded to the state court from which it was removed.").

For the foregoing reasons, Plaintiff's Motion to Remand shall be granted.

---

[6] Truist raises an alternative argument based on *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595-96 (2013) (holding that a named plaintiff lacked authority to bind absent class members to a lower amount in controversy in order to evade CAFA jurisdiction).  Such authority, however, is inapposite here, as Edwards does not dispute that CAFA jurisdiction is satisfied.  That he proceeds to deny any injury-in-fact does not amount to the kind of impermissible gamesmanship that concerned the Court in *Standard Fire*; it merely defines the theory underlying the class's claim.  *See, e.g.*, *Sheridan v. Valley Nat'l Bank*, 2025 U.S. Dist. LEXIS 174788, at *14 n.5 (D.N.J. Aug. 18, 2025) ("By bringing claims that seek only statutory damages, [p]laintiffs are not limiting the value of the case, and it is within their discretion to bring the claims they see fit.") (quoting *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("The plaintiff is 'the master of the complaint[.]'").

An appropriate order follows.

**BY THE COURT:**


\_\_s/Wendy Beetlestone_____
**WENDY BEETLESTONE, C.J.**